**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-00295-PAB-KMT

THOMAS VILLANUEVA

Plaintiff,

v.

EL PASO COUNTY;
BILL ELDER, Sheriff, El Paso County Sheriff's Office, in his official capacity;
The Estate of MICAH FLICK, Deputy, El Paso County Sheriff's Office, in his individual capacity;
SCOTT STONE, Deputy, El Paso County Sheriff's Office, in his individual capacity;
JACOB ABENDSCHAN, Sergeant, El Paso County Sheriff's Office, in his official and individual capacities;
JOHN WATTS, Detective, El Paso County Sheriff's Office, in his individual capacity;
TREMAINE WHITE, Detective, El Paso County Sheriff's Office, in his individual capacity;
STEPHANIE CRISS, Detective, El Paso County Sheriff's Office, in her individual capacity;
MICHAEL BOGGS, Detective, El Paso County Sheriff's Office, in his individual capacity;
THE CITY OF COLORADO SPRINGS, COLORADO,
PETER CAREY, Chief of Police, Colorado Springs Police Department, in his official capacity;
KEVIN MIYAKUSU, Sergeant, Colorado Springs Police Department, in his official and individual capacities;
MARCUS YANEZ, Officer, Colorado Springs Police Department, in his individual capacity;
JOHN REINDOLLAR, Investigator, Colorado State Patrol, in his individual capacity; and
CHAD HUNT, Sergeant, Colorado State Patrol, in his individual capacity

Defendants.

---

**JOINT MOTION TO VACATE SCHEDULING CONFERENCE AND STAY ALL PROCEEDINGS UNTIL COURT'S RULING ON DEFENDANTS' MOTIONS TO DISMISS**

---

The parties, by and through their counsel, hereby bring this Motion and respectfully request this Court to vacate the scheduling conference and stay all proceedings until after the

Court's ruling on Defendants' Motions to Dismiss. In support, the parties jointly state as follows:

1. On February 1, 2019, Plaintiff commenced this action alleging State-Created Danger - 42 U.S.C. § 1983, Failure to Train - 42 U.S.C. § 1983, Willful and Wanton Negligence, and Vicarious Liability and *Respondeat Superior*. ECF No. 1.
2. On February 8, 2019, the Court issued an Order setting a Rule 16(b) scheduling conference and Rule 26(f) planning meeting. ECF No. 8.
3. The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).
4. However, the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and/or litigants. *Hernandez v. Asset Acceptance, LLC*, 970 F. Supp. 2d 1194, 1205 (D. Colo. 2013).
5. A court may decide that in a particular case it would be wise to stay discovery on the merits until certain challenges have been resolved. *Id*. (Citing *8 Charles Alan Wright et al.*, Federal Practice and Procedure § 2040, at 521-22 (2d ed. 1994)).
6. The Defendants intend to file a Joint Motion to Dismiss Plaintiff's claims asserting qualified immunity and sovereign immunity under Colorado's Governmental Immunity Act, C.R.S. § 24-10-101, *et. seq*. ("CGIA"). These questions of immunity should be resolved at the earliest possible stage in order to "spare a defendant not only from unwarranted liability, but unwarranted demands customarily imposed upon

those defending a long drawn out lawsuit." *Siegert v. Gilley,* 500 U.S. 226, 232 (1991); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."). Immunity is, after all, immunity from suit, not a mere defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Thus, allowing discovery to proceed while questions of immunity are being resolved deprives a defendant of the benefit of immunity by unnecessarily imposing upon that defendant the demands of litigation. *Id*.

7. Further, the Court will be required by law to impose a partial stay of discovery. The CGIA provides that a court shall suspend discovery when a public entity raises immunity prior to or after the commencement of discovery, except as is necessary to resolve the issue of sovereign immunity. C.R.S. § 24-10-108. Under these circumstances, a stay of all discovery is appropriate. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684-85 (2009) (approving stay of discovery as to all defendants when only some of the defendants asserted qualified immunity).

8. Accordingly, the Court should exercise its discretion and resolve the threshold issues of immunity before demanding that the Defendants take party in discovery.

9. Further, the Court may consider and weigh the following factors: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to a plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC,* 2006 WL 894955, at *2. The parties are in agreement that all five *String Cheese* factors weigh in favor of a stay of discovery and

vacation of the Scheduling Conference.

10. While Plaintiff has an interest in expeditiously litigating the case, Plaintiff also has an interest in litigating all claims efficiently and economically. Plaintiff believes vacating the scheduling conference and staying the proceedings at this juncture would promote efficiency and economically.

11. Defendants will suffer no burden if the scheduling conference is vacated and the proceedings are stayed until the Court rules on their Motions to Dismiss. Indeed, Defendants may be deprived of the benefit of immunity if the Scheduling Conference is not vacated.

12. The Court is undoubtedly concerned about efficiency in this case. Resolution of Defendants' forthcoming Motion to Dismiss "will clarify and streamline the claims and the proper defendants for more precise and productive discovery—conserving judicial resources and furthering the public's interest in judicial economy." *Garcia v. Adams County*, No. 16-CV-1977-PAB-NYW, 2017 WL 951156, at *5 (D. Colo. Mar. 8, 2017).

13. Due to the nature of the claims alleged, a stay will not impact the interests of persons not parties to this litigation.

14. Likewise, the public interest would be best served though judicial economy and staying the proceedings. *See id*.

WHEREFORE, the parties, by and through their counsel, jointly respectfully request this Court to vacate the scheduling conference and stay all proceedings until after the Court's ruling on Defendants' Motions to Dismiss.

DATED: April 1, 2019

Respectfully Submitted,

/s/ Joseph Ramos
Joseph Ramos, Esq., M.D.
/s/ Brian Calandra
Brian Calandra, Esq.
/s/ Colleen T. Calandra
Colleen T. Calandra, Esq.
/s/ Rebekah Stern
Rebekah Stern, Esq.
Ramos Law
3000 Youngfield Street
Wheat Ridge, CO 80215
Phone Number: (303) 733-6353
Fax Number: (303)865-5666
Email: joe@ramoslaw.com
brian@ramoslaw.com
colleen@ramoslaw.com
rebekah@ramoslaw.com

/s/ Scott Hooper
Scott Hooper, Esq.
2929 Allen Parkway, 39th Floor
Houston, TX 77019
Phone Number: (713) 529-5055
Email: shooper@shooperlaw.com

/s/ Gordon L. Vaughan
Gordon L. Vaughan
Ann Smith
Vaughan & DeMuro
111 S. Tejon, Suite 545
Colorado Springs, CO 80903
(719) 578-5500
gvaughan@vaughandemuro.com
asmith@vaughandemuro.com

/s/ Nathan J. Whitney
Nathan J. Whitney
Ray Deeny
Sherman & Howard

90 S. Cascade Ave., Suite 1500
Colorado Springs, CO 80903
nwhitney@shermanhoward.com
rdeeny@shermanhoward.com

*/s/ William T. O'Connell, III*
William T. O'Connell, III
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
Direct: (303) 813-6533
WOConnell@warllc.com

*/s/ Kimberly Sorrells*
Kimberly S. Sorrells
Colorado Department of Law
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6618
Kimberly.sorrells@coag.gov

*/s/ Anne H. Turner*
Anne H. Turner
Assistant City Attorney
City of Colorado Springs
30 S. Nevada Ave.
Suite 501
Colorado Springs, CO 80903
(719) 385-5909
aturner@springsgov.com